# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2011

No. 10-61005
Summary Calendar

Lyle W. Cayce
Clerk

HELEN BROWN,

Plaintiff-Appellant

v.

MISSISSIPPI DIVISION OF MEDICAID,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-221

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Helen Brown appeals following a jury verdict in favor of the defendant in this employment discrimination suit. She raises two points of error on appeal. For the following reasons, we AFFIRM:

1. Brown first argues that the district court erroneously denied her challenge for cause of a juror whose employer had terminated another client of the plaintiff's counsel. She argues that the juror was involved in that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-61005

termination and was impliedly biased.  The district court ably questioned the challenged juror and discerned that the juror had no knowledge of counsel's representation or about the possibility of litigation involving counsel's other client.  The juror also indicated in response to the court's questions that she could be fair and impartial.  Brown fails to show that the "prospective juror's views would prevent or substantially impair the performance of [her] duties as a juror in accordance with [her] instructions and [her] oath," or that the jury deliberating on her case was not impartial.  *See United States v. Wharton*, 320 F.3d 526, 535 (5th Cir. 2003) (internal quotation marks and citation omitted).  We see no manifest abuse of discretion by the district court in denying the challenge for cause.  *See id.*

2.  Brown next argues that the district court erroneously denied her motion for a new trial based on the defendant's inadvertent failure to submit all of its exhibits to the jury during the deliberations.  The missing exhibits tended to support the defendant's argument that Brown was not retaliated against and was not excluded on communications.  Brown urged the jury to disregard them as irrelevant.  Her counsel also declined an opportunity to review the defendant's exhibits and ensure that they all were submitted prior to the jury's deliberations.  Brown now argues on appeal only that in reaching its decision the jury was unable to follow the district court's instruction to consider all of the admitted evidence, but she fails to show that the omission of the exhibits from the deliberation room had any prejudicial effect or that the verdict was not supported by the evidence.  The district court did not abuse its discretion.  *See Foradori v. Harris*, 523 F.3d 477, 497 (5th Cir. 2008) (holding that the district court's denial of a motion for a new trial based on trial error will be reversed only for a clear abuse of discretion evidenced by "an absolute absence of evidence to support the jury's verdict").

AFFIRMED.